*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2360**

State of Minnesota,
Respondent,

vs.

Lue Yang,
Appellant.

**Filed November 24, 2014
Affirmed
Johnson, Judge**

Ramsey County District Court
File No. 62-CR-13-2131

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Peter Marker, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Davi E. Axelson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Hooten, Presiding Judge; Connolly, Judge; and Johnson, Judge.

**U N P U B L I S H E D   O P I N I O N**

**JOHNSON**, Judge

A Ramsey County jury found Lue Yang guilty of fifth-degree controlled substance crime and possession of burglary or theft tools. Yang argues that the district court erred

by admitting inadmissible character evidence.  We conclude that the district court did not plainly err by not excluding the testimony of a police officer explaining the reasons why he investigated Yang.  Therefore, we affirm.

### FACTS

Shortly after midnight on October 4, 2012, Yang was riding his bicycle on a sidewalk in a residential neighborhood of St. Paul.  He was wearing dark clothing and a backpack, and his bicycle did not have a light or reflectors.  St. Paul Police Officers Cohlman Rutschow and Robert Lokhorst saw Yang while their squad car was traveling in the opposite direction.  They made a U-turn so that they could stop Yang, conduct a brief investigation, and inform him that he needed a headlight on his bicycle.  After the U-turn, Yang was traveling in the same direction as the squad car on its right side.  Officer Lokhorst, the passenger, called out for Yang to stop.  Yang sped up.  Officer Lokhorst saw Yang pull something out of his jacket pocket and move his hand downward as if to drop it on the ground.  As Yang did so, he swerved and almost lost control of his bicycle.  At about the same time, Officer Lokhorst heard an item hit the ground.  Yang continued for approximately 30 feet and then stopped.

After Yang stopped, Officer Rutschow exited the squad car and approached Yang to speak with him, while Officer Lokhorst went to the location where he believed Yang had dropped something.  At that spot, Officer Lokhorst found a glass pipe wrapped in a blue napkin.  Officer Lokhorst noticed that the pipe contained a substance that appeared to be, and later tested positive for, methamphetamine.  Meanwhile, Officer Rutschow asked Yang for identification and pat-searched him for weapons.  After Officer Lokhorst

2

found the pipe, the officers arrested Yang for possession of methamphetamine and, incident to the arrest, searched his backpack. In the backpack, the officers found a wire cutter, a screwdriver, and a window punch (a tool approximately three to four inches long with a pointed end that is used for breaking windows quickly and quietly). Officer Lokhorst testified at trial that the tools found in Yang's backpack may be used, and often are used, for burglarizing and stealing automobiles.

At trial, Yang testified that he continued riding when Officer Lokhorst called for him to stop because he did not realize that the officer was speaking to him. Yang testified that he swerved because he turned his body to the side when he realized that Officer Lokhorst was speaking to him, and he denied dropping anything on the ground. Yang testified that he had the wire cutter and screwdriver in his backpack because he had been working on a friend's car all day. He testified that he did not remember putting the window punch in his backpack and must have picked it up inadvertently when he was gathering up the other tools that he used when working on the car. Yang testified that he wore dark clothing to mask any grease stains from working on the car.

In March 2013, the state charged Yang with one count of fifth-degree possession of a controlled substance, in violation of Minn. Stat. § 152.025, subd. 2(a)(1) (2012). In August 2013, the state amended the complaint to add a charge of possession of burglary or theft tools, in violation of Minn. Stat. § 609.59 (2012).

The case was tried to a jury on two days in August 2013. Officer Rutschow and Officer Lokhorst testified for the state. When the prosecutor asked Officer Rutschow why he pat-searched Yang for weapons, he responded by testifying as follows:

3

> Given the area that -- with high crime and burglaries and thefts, he was wearing dark clothing at the time around a dark area. He had a backpack on at the time riding a bike, which all those -- all those things are indicators for us that are typical with people that commit crimes such as burglaries and thefts from autos.

Yang's trial attorney did not object to the prosecutor's question or Officer Rutschow's answer. A short time later, the prosecutor asked Officer Rutschow about Officer Lokhorst's actions after they stopped Yang. Officer Rutschow responded by testifying as follows:

> Officer Lokhorst was off to my right kind of around the area where he had passed by that car, because our suspicion was that, you know, going past the car maybe he ditched something along the way as has happened with us with other suspects before. They try to hide around something and maybe toss something underneath a car trying to hide it from us.

Yang's trial attorney did not object to the prosecutor's question or Officer Rutschow's answer.

The jury found Yang guilty of both charges. In September 2013, the district court stayed imposition of sentence and placed Yang on probation for five years. Yang appeals.

## D E C I S I O N

Yang argues that the district court erred by admitting the two portions of Officer Rutschow's testimony that are excerpted above. Yang contends that the challenged evidence is inadmissible character evidence.

4

Because Yang did not object to the challenged testimony at trial, this court reviews only for plain error. *See* Minn. R. Crim. P. 31.02. Under the plain-error test, an appellant is not entitled to relief on an issue to which no objection was made at trial unless (1) there is an error, (2) the error is plain, and (3) the error affects the appellant's substantial rights. *State v. Griller*, 583 N.W.2d 736, 740 (Minn. 1998). If the first three requirements of the plain-error test are satisfied, this court must consider the fourth requirement, whether the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *State v. Washington*, 693 N.W.2d 195, 204 (Minn. 2005) (quotation omitted). If this court concludes that any prong of the plain-error test is not satisfied, we need not consider the other prongs. *State v. Brown*, 815 N.W.2d 609, 620 (Minn. 2012).

"Evidence of a person's character or a trait of character" is inadmissible "for the purpose of proving action in conformity therewith on a particular occasion." Minn. R. Evid. 404. The rule is intended to prevent "the danger that a jury will overvalue the character evidence in assessing the guilt for the crime charged." *State v. Loebach*, 310 N.W.2d 58, 63 (Minn. 1981). In *State v. Williams*, 525 N.W.2d 538 (Minn. 1994), the supreme court held that evidence of a "drug courier profile" (*i.e.*, a composite of certain behaviors and characteristics common to people who transport drugs) was "clearly and plainly inadmissible" to prove that the defendant was guilty of possession of cocaine with intent to sell. *Id.* at 545, 548. The supreme court noted that such evidence "seems akin to character evidence" and expressed concern that "the jury was impliedly urged to infer that since defendant's conduct fit the profile, she must have known that her luggage contained crack cocaine." *Id.* at 547-48 (quotations omitted). Similarly, in *State v.*

5

*Litzau*, 650 N.W.2d 177 (Minn. 2002), the supreme court held that expert testimony about how drug dealers typically acquire vehicles and transport drugs was "'plainly inadmissible.'" *Id.* at 185 (quoting *Williams*, 525 N.W.2d at 548). In both *Williams* and *Litzau*, the supreme court reversed the defendants' convictions and remanded for new trials not solely because of the admission of drug-profile evidence but, rather, because of the cumulative effect of multiple trial errors. *Litzau*, 650 N.W.2d at 187; *Williams*, 525 N.W.2d at 549.

Yang contends that the excerpted portions of Officer Rutschow's testimony should not have been admitted for the same reasons stated in *Williams* and *Litzau*. In response, the state contends that *Williams* and *Litzau* are inapplicable because the profile evidence in those cases was "extensive" and because in this case the state introduced other, stronger evidence of Yang's guilt. The state is correct that the challenged evidence in this case is unlike the evidence that was erroneously admitted in *Williams* and *Litzau*. The supreme court expressed concern in *Williams* that the state's drug-profile evidence was a large part of the state's proof that the appellant intended to sell the controlled substances in her possession. 525 N.W.2d at 541, 549. Similarly, in *Litzau*, it appears that the expert testimony about the typical behavior of drug dealers was the state's primary means of proving that the appellant intended to sell the controlled substances in his possession. 650 N.W.2d at 185.

In this case, however, the state did not rely heavily, if at all, on the challenged portions of Officer Rutschow's testimony. To prove the offense of possession of burglary or theft tools, the state did not rely heavily on the officer's testimony about

Yang's dark clothing and backpack to prove that Yang was guilty. The state did not need to do so because the state introduced evidence that Yang actually possessed tools that may be used, and often are used, to break into or steal automobiles. To prove the offense of possession of controlled substances, the state did not rely on the officer's testimony about other persons' attempts to discard or hide controlled substances. The state did not need to do so because the state introduced evidence that Yang possessed and dropped an item that was recovered, was tested, and was determined to contain methamphetamine. In closing argument, the prosecutor asked the jury to infer that Yang possessed methamphetamine based on the officers' observations and perceptions of Yang's conduct, not Yang's conformity with a profile. In reality, the challenged portions of Officer Rutschow's testimony were relatively insignificant parts of the state's case and appear to have been offered only to explain why the officers decided to stop Yang and conduct a brief investigation. *See Litzau*, 650 N.W.2d at 182; *State v. Cermak*, 365 N.W.2d 243, 247 (Minn. 1985).

Because Yang has failed to show that the challenged evidence is inadmissible, he cannot satisfy the first requirement of the plain-error test. In light of that conclusion, we need not analyze the other requirements of the plain-error test. Thus, we conclude that the district court did not plainly error by not *sua sponte* excluding the challenged portions of Officer Rutschow's testimony.

**Affirmed.**